IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MARQITA L. DELGADO<br><br>Plaintiff<br><br>vs.<br><br>DIRECT EVENTS<br>       Defendant. | § § § § § § § § § § | CIVIL ACTION NO.<br><br>1:11-cv-00884 |

### PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

Come now plaintiff complaining of defendant and for cause of action would show the Court and jury as follows:

### JURISDICTION

1. The court has jurisdiction over the lawsuit because the action arises under Title VII of Civil Rights Act of 1964. See 42 U.S.C. 2000e *et seq*.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

2. Plaintiff timely filed with the Equal Employment Opportunity Commission (EEOC) a charge of discrimination against defendant. Plaintiff files this complaint within 90 days after receiving a notice of the right to sue from the EEOC.

### PARTIES

3. Plaintiff is an individual who resides in Bastrop County, Texas. At all relevant times defendant employed plaintiff in their facility in Austin, Texas.

4. Defendant DIRECT EVENTS is a corporation organized and existing under the laws of the State of Texas and is authorized to do business in the State of Texas. Defendant may be served with process by service on its registered agent, James P. O'Connor, 13101 Highway 71 West, Austin, Texas 78736.

## MATERIAL FACTS

5.  Plaintiff is a 26 year old Black Female. In May 2010 Plaintiff was hired full-time as an Office Manager for Direct Events.

6.  In May 2010, the Owner, Tim O'Conner of Direct Events began making sexually inappropriate comments towards plaintiff like,"Your look so beautiful today", "Your so beautiful", "You have nice curves".

7.  On June 28, 201 prior to a July 4, 2010 performance Mr. O'Conner called Plaintiff into his office to talk about the upcoming show. During the conversation Mr. O'Conner responded "I need to find someone like you", Where can I find someone like you". He followed p with why don't we fly your mom out here for the show. Plaintiff tried her best to turn down his offer without offending him. He said "come on I will pay for it", "take you guys out for dinner, wine and dine your mom", "because I have to meet the woman that created you. Again Plaintiff tried to turn his offer down without being rude. On other occasions O'Conner would make uncomfortable offers of financial assistance to plaintiff.

8.  On numerous occasions throughout June 2010 - August 2010 Plaintiff's boyfriend attended work events and met and spoke with Mr. O'Connor. As a result Mr. O'Connor started to now make inappropriate comments about Plaintiff's relationship and her boyfriends character. He would say things like "Your boyfriend is a little special if you know what I mean", you could do so much better".

9.  As time went by and Mr. O'Connor's advances were being denied Plaintiff noticed a change in the way he started to act and speak towards her.

10. In the month of August 2010 is when the tone changed and Mr. O'Connor started to speak with strong language towards Plaintiff. For example racial jokes of all kinds stared to come into play and a remark was made that "I guess now you can have Martin Luther King day off because Marqita works here now". As well as througout the month of August 2010 Plaintiff was referred to me as the "Black girl" and "Ghetto" instead of by her name. These actions made it difficult for plaintiff to endure her work environment.

11. On numerous occasions Plaintiff was addressed with "You people think you can do this".

12. In August 210 Plaintiff came dressed as she typically does and Mr. O'Connor made a comment to her co-worker Kylee O'Neil saying how nice she looked today and then looked at Plaintiff and said "Oh and here's the black girl dressed all ghetto today".

13. On September 9, 2010 Plaintiff was terminated after arriving late to work. Other non-black employees had consistently arrived late and were never terminated or reprimanded.

## COUNT 1 -DISCRIMINATION UNDER THE TITLE VII

18. Plaintiff is an employee within the meaning of the Title VII and belongs to the class of employees protected under the statute, namely, Black and female.

19. Defendant is an employer within the meaning of Title VII.

20. Defendant intentionally discriminated against plaintiff because of her race in violation of Title VII by creating a hostile environment through inappropriate comments and terminating her when other similarly situated non-black employees were not terminated for the same actions.

21. Defendant intentionally discriminated against plaintiff because of her gender in violation of Title VII by creating a hostile environment and *quid pro quo by* discriminating against plaintiff because she refused his advances and by making suggestive and inappropriate comments.

22. As a direct and proximate result of defendant's conduct, plaintiff suffered the following injuries and damages;

Plaintiff was terminated resulting in lost pay and benefits.

Plaintiff was terminated from employment with defendant. Plaintiff has diligently sought and obtained other employment, but has been unable to find a job at comparable pay. In addition, plaintiff has incurred expenses in seeking other employment

Plaintiff suffered loss of his pension or retirement benefits.

Plaintiff seeks compensation for all lost wages and benefits, including loss of Social Security benefits.

Plaintiff seeks an award of future lost wages and benefits to compensate her up to the mandatory retirement age of 70.

Plaintiff is entitled to prejudgment interest on lost wages and benefits and postjudgment interest on all sums, including attorney fees.

Defendant's conduct was an intentional and willful violation of Title VII. Plaintiff is entitled to an award of liquidated damages within the meaning Title VII.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, plaintiffs pray that defendants appear and answer herein, and that upon trial of this cause, each plaintiff have judgment against defendant for the following relief:

(1) an order permanently enjoining defendants from failing or refusing to hire any individual, discharging any individual, or otherwise discriminating against any individual with respect to his or her compensation or the terms, conditions or privileges of employment because of such individual's gender or race;

(2) back pay and front pay including all lost wages and employment benefits;

(3) compensatory damages for future reputational injuries, pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses for defendant's violations as set forth in counts one and two;

(4) punitive damages in an amount to be determined by the jury in accordance with state law;

(5) prejudgment and postjudgment interest at the legal rates;

(6) reasonable attorney fees and all costs of court; and

(7) such other and further relief, at law or in equity, to which plaintiffs may be justly entitled.

### Jury Demand

Plaintiffs hereby demand a jury trial as to all issues triable by a jury.

Dated October 7, 2011.

Respectfully submitted,

**CHAPMAN LAW FIRM**
538 S. Tancahua
Corpus Christi, Texas 78401
Telephone: (361) 883-9160
Facsimile: (361) 883-9164


/S/_____
Stephen J. Chapman
State Bar No. 24001870
Federal ID. No. 32677

**ATTORNEYS FOR PLAINTIFF**